**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**TALLAHASSEE DIVISION**

**JOHNNY JENKINS,**

     **Plaintiff,**

**vs.**                       **CASE NO. 4:24-cv-00171-WS-MAF**

**STATE OF FLORIDA,**

     **Defendants.**
**_____/**

## REPORT AND RECOMMENDATION

Plaintiff, Johnny Jenkins, a prisoner proceeding *pro se*, initiated this case by filing a pleading titled "Petition for Collateral Review" along with nearly 100 pages of exhibits. ECF No. 1. Although the "Petition" is styled as belonging in the "Northern District," the case number Plaintiff listed is his 2009 state criminal case.[1] ECF No. 1. The exhibits include the arrest report, the information, a transcript from a suppression hearing, the jury's verdict forms, a mandate from the Second District Court of Appeal (Second DCA) affirming Plaintiff's conviction, jury instructions, Plaintiff's state habeas petition, and other documents related to his criminal case and appeals. See

---

[1] Plaintiff also styled his petition as assigned to the "United States District Court Northern District Gainesville Division," but it is not. ECF No. 1. This case is assigned to the Northern District of Florida Tallahassee Division.

ECF Nos. 1-1 through 1-3. Plaintiff did not file an application to proceed *in forma pauperis* (IFP) and did not pay the $405 filing fee, though he is required to do so at the time of filing. See N.D. Fla. Loc. R. 5.3.

The Court may review a plaintiff's complaint and dismiss it, or any part thereof, if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. See 28 U.S.C. § 1915A. As a result, this case is presently before the Court for screening. See 28 U.S.C. § 1915(e)(2)(B)(i) and 28 U.S.C. § 1915A. The "petition" is legally insufficient, primarily because it is not on the proper form. More importantly, it appears that Plaintiff initiated this case in the wrong venue. Rather than directing Plaintiff to amend the "petition," to file an IFP application, or pay the fee, in the interest of judicial economy, it makes sense to transfer the case to the Middle District of Florida.

## I. Plaintiff's "Petition," ECF No. 1.

Plaintiff is currently housed at R.M.C. West Unit, Lake Butler, which is in Union County, Florida. ECF No. 1. Plaintiff claims to bring this case pursuant to 42 U.S.C. § 1983; however, he is challenging his criminal conviction in Pinellas County Case No. 0906814CFANO. Plaintiff named the "State of Florida" as the defendant.

The "petition" is no model of clarity. Plaintiff references his criminal case and claims that, for fifteen years, he asked the Second DCA "to compel

the Florida Attorney General for the Confidential Informant [C.I.] Report, and testimony and to surrender 'if any' discovery to" him. Id., p. 1. Plaintiff maintains "[t]he C.I. did not testify at trial"; new discovery was found on March 1, 2024; the state chose not to subpoena the C.I. for trial; and the "C.I., hearsay statement was highly prejudicial." Id., pp. 1-2. According to Plaintiff, the State violated his constitutional rights under the Sixth- and Fourteenth Amendments. Id., p. 2. Plaintiff asks this Court to "issue a 'Notice is Given'" for "all the files from the Attorney General 'C.I.' services." Id.

To make sense of Plaintiff's "Petition," pursuant to Fed. R. Evid. 201, the Court takes judicial notice of Plaintiff's criminal case. [2] The docket indicates that Plaintiff challenged his conviction over the years and filed his latest motion for post-conviction relief on December 18, 2023. The state court dismissed the motion; and Plaintiff appealed the decision to the Second DCA in Case No. 2D24-0383.

## II.    Discussion

### A. The Court Likely Lacks Jurisdiction to Issue a Writ of Mandamus

As a *pro se* litigant, Plaintiff is entitled to liberal construction. See Mederos v. United States, 281 F.3d 1252, 1254 (11th Cir. 2000) (citing

---

[2] Plaintiff's Pinellas County criminal court records are accessible at the following URL: https://ccmspa.pinellascounty.org/PublicAccess/CaseDetail.aspx?CaseID=8020753.

Haines v. Kerner, 404 U.S. 519, 520 (1972)). To the extent Plaintiff seeks relief in the form of an order from this Court directing the Attorney General to turn over any discovery or comply with any discovery request in underlying state criminal case or appeal, this Court lacks power in general to direct state court proceedings; and Plaintiff cited no authority to the contrary. "[F]ederal courts have no general power to issue writs of mandamus to direct state courts and their judicial officers in the performance of their duties where mandamus is the only relief sought." Lawrence v. Miami-Dade Cty. State Attorney's Office, 272 F. App'x. 781, 781 (11th Cir. 2008) citing Lamar v. 118th Judicial Dist. Court of Tex., 440 F.2d 383, 384 (5th Cir. 1971).

The Court will withhold ruling on the matter of jurisdiction because, ordinarily, the Court permits prisoner- and non-prisoner plaintiffs alike at least one opportunity to amend. See Fed. R. Civ. P. 15.1(a)(1) "A party may amend its pleading once as a matter of course . . ."). However, as explained below, it appears Plaintiff filed this case in the wrong venue. It makes sense then that Plaintiff should have the opportunity to amend his "petition" in the proper court.

B. Venue is Proper in the Middle District of Florida

Plaintiff's petition alleges the State violated his constitutional rights; and last month he discovered new evidence that affects his criminal

conviction. ECF No. 1. There are "two broad categories of prisoner petitions: (1) those challenging the fact or duration of confinement itself; and (2) those challenging the conditions of confinement." <u>McCarthy v. Bronson</u>, 500 U.S. 136, 140 (1991 (citing <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 499 (1973). Habeas corpus is the exclusive remedy for a prisoner who challenges "the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of 1983." <u>Heck v. Humphrey</u>, 512 U.S. 477, 481 (1994).

Plaintiff is not challenging the conditions of his confinement at R.M.C. Lake Butler. Rather, Plaintiff is challenging his conviction. If Plaintiff intends to litigate issues attacking the validity of his criminal conviction, he must do so by initiating a habeas petition pursuant to 28 U.S.C. § 2254 and meeting all the requirements for such filing, including the exhaustion of his state court remedies. The petition for habeas relief must be submitted on the proper court form. As stated above, Plaintiff did not do so. ECF No. 1.

Venue appears to be appropriate in the Middle District of Florida because Plaintiff is housed at R.M.C. Lake Butler, which is in Union County, Florida; and Plaintiff's criminal case originated in Pinellas County, Florida. ECF No. 1, p. 1. Generally, a petition for habeas relief "by a person in custody under the judgement and sentence of a State court of a State which contains

two or more Federal judicial districts, . . . may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application." 28 U.S.C. § 2241(d). Union County, where Plaintiff is housed, and Pinellas County, where Plaintiff was convicted, are both located within the Middle District of Florida. 28 U.S.C. § 89(b).

When a case is filed in the wrong division or district, the venue statute provides that the district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). A court may raise the issue of defective venue *sua sponte* but should not dismiss an action for improper venue without giving the parties an opportunity to respond. Kapordelis v. Danzig, 387 F. App'x 905, 906 (11th Cir. 2010). Justice is better served by transferring this case to the appropriate forum rather than dismissing it or by directing Plaintiff to amend his "petition," to submit an IFP application, or to pay the filing fee. No hearing is necessary prior to directing the transfer of a case.

## III.   Conclusion and Recommendation

For the reasons stated, and pursuant to 28 U.S.C. § 1406(a), it is respectfully **RECOMMENDED** that this case be transferred to the United States District Court for the Middle District of Florida for all further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on April 17, 2024.

> **s/ Martin A. Fitzpatrick**
> **MARTIN A. FITZPATRICK**
> **UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. See 11th Cir. Rule 3-1; 28 U.S.C. § 636(b)(1)(C).